IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JOHNNIE W. GARZA | § |
| | §   CIVIL ACTION NO. _____ |
| VS. | § |
| | §   Judge _____ |
| TRINITY INDUSTRIES, INC. | § |

### PLAINTIFF'S ORIGINAL COMPLAINT

#### A. Parties

1. Plaintiff, Johnnie Wayne Garza, is an individual who is a citizen of Texas and a resident of Vidor, Orange County, Texas.

2. Trinity Industries, Inc. is a foreign corporation doing business in the State of Texas. Defendant may be served with process by serving its registered agent, C. T. Corporation System, 350 N. Saint Paul Street, Suite 2900, Dallas, Texas 75201.

#### B. Jurisdiction

3. The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on race pursuant to 42 U.S.C. § 2000e.

#### C. Venue

4. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices were committed in this district.

#### D. Exhaustion of Administrative Remedies

5. Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within ninety (90) days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to

sue is attached as Exhibit A.

## E. Discrimination Under Title VII

6. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely the Hispanic race and national origin.

7. Defendant is an employer within the meaning of Title VII.

8. Defendant intentionally discriminated against Plaintiff because of his race and national origin in violation of Title VII by failing to reward Hispanics the same as white and black employees, by using different standards in evaluating Plaintiff than those used to evaluate whites and blacks, and by finally terminating Plaintiff, based on race and national origin.

9. Defendant would provide lunch trips, pizza parties, golf outings and other rewards to black and white supervisors, but would intentionally exclude Hispanic supervisors, including Plaintiff, because of their race and national origin.

10. Defendant created more stringent standards for Hispanic supervisors, including Plaintiff, when it came to evaluating work performance.

11. Defendant's determination to terminate Plaintiff was based on his Hispanic race and national origin. Defendant applied different standards to Plaintiff in his termination, while white and black employees at the same supervising level as Plaintiff were not terminated for the same or even greater alleged infractions.

## F. Damages

12. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

   a. Loss of employment, resulting in lost pay in the past and future and costs of job search.

b. Loss of employment benefits, including pension, retirement benefits, insurance coverage and vacation.

c. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

d. Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

### G. Attorney Fees

13. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 12205 and/or 42 U.S.C. § 2000e-5(k).

### H. Additional Damages

14. In addition to the previously alleged damages (which Plaintiff alternatively seeks under this cause of action) Plaintiff seeks exemplary damages for Defendant's malicious actions, clearly arising from ill will, spite, evil motive and with a purpose to injure Plaintiff.

### I. Jury Demand

15. Plaintiff requests a trial by jury.

### J. Prayer

16. For these reasons, Plaintiff asks for judgment against Defendant for the following:

   a. Reinstatement to his prior job and position;

   b. Back pay and front pay, including all employment benefits;

   c. Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   d. Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   e. Exemplary damages;

   f. Attorney fees and courts costs; and

g. All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: *[signature]*
Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300

**ATTORNEYS FOR PLAINTIFF**

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Mr. Johnnie Garza
3150 N. Tram
Vidor, TX. 77662

From: Houston District Office
1919 Smith St, 7th Floor
Houston, TX 77002

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2011-00366 | Nicholas Alwine, Enforcement Supervisor | (713) 209-3422 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
R.J. Ruff, Jr.,
District Director

MAY 26 2011
(Date Mailed)

Enclosures(s)

cc: Ms. Eva W. Turner, Attorney
Ogletree Deakins
700 Preston Commons
8117 Preston Road
Dallas, TX. 75225



EXHIBIT A